# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 09CR422WQH |
|---|---|
| Plaintiff, | CASE NO. 10CV455WQH |
| vs. | ORDER |
| RENE LOPEZ GOMEZ, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by Defendant. ECF No. 26. Defendant moves the court to vacate his sentence on the grounds that "he advised his counsel that he wanted to appeal his sentence of 57 months to the court of appeals and his counsel failed to file a notice of appeal at the time after sentencing was completed." ECF No. 26 at 2.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**RULING OF THE COURT**

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion. The plea agreement signed by the Defendant states: "In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence ... unless the Court imposes a custodial sentence above the greater of the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing or statutory minimum term, if applicable." ECF No. 20 at 9. This waiver is clear, express and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005). The Government recommended a sentence of 57 months as provided in the plea agreement. ECF No. 21 at 3. The Court imposed a sentence of 57 months. ECF No. 25 at 2. Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the sentence imposed.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) the United States Supreme Court stated "[w]e have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." The Court stated "[w]e hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The Declaration of John D. Kirby in Support of the Government's Response states: "Mr. Lopez- Gomez never asked me to file a notice of appeal in this case and never indicated to me that he was interested in filing an appeal in this case." ECF No. 29-6 at 2. In this case, the record establishes that the Defendant expressly waived his right to appeal and there is no evidence in the record that the Petitioner requested that his counsel file a notice of appeal. The Court concludes that there are no grounds upon which Defendant is entitled

to prevail on his motion to vacate judgment, set aside or correct conviction and sentence pursuant to 28 U.S.C. § 2255.

IT IS HEREBY ORDERED that the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by Defendant (ECF No. 26) is denied.

DATED: December 3, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge